IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 01-00253-01/02-CR-W-ODS |
| ROBERT R. COURTNEY, et al. | ) |
| Defendants. | ) |

ORDER AND OPINION DENYING DEFENDANT'S
MOTION FOR REDUCTION IN SENTENCE

Pending is Defendant Robert Courtney's Motion for Reduction in Sentence. Doc. #162. For the following reasons, Defendant's motion is denied.

**I.      BACKGROUND**

On December 5, 2002, Defendant was sentenced to 360 months for eight counts of tampering with consumer products (18 U.S.C. §§ 1365(a), 1365(a)(3)), six counts of adulteration of drugs (21 U.S.C. §§ 331(k), 333(a)(2)), and six counts of misbranding drugs (21 U.S.C. §§ 331(k), 333(a)(2)). Docs. #132-35. Defendant's sentence was upheld by the Eighth Circuit Court of Appeals. *United States v. Courtney*, 362 F.3d 497, 498–99 (8th Cir. 2004), *cert. granted, judgment vacated,* 543 U.S. 1098 (2005), and *opinion reinstated,* 412 F.3d 855 (8th Cir. 2005).

On December 12, 2019, Defendant, now proceeding pro se, filed a motion asking the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. #162.[1] In response to the motion, Plaintiff United States of America filed a Motion to Dismiss Defendant's Motion for Reduction in Sentence, which is construed as the Government's suggestions in opposition to Defendant's motion. Doc. #166. The Government argues Defendant's motion should be denied because he failed to exhaust his administrative remedies with the Bureau of Prisons ("BOP") and did not establish extraordinary and

---

[1] Defendant is presently scheduled to be released from custody on November 20, 2027. Doc. #167.

compelling reasons warranted a reduction in sentence. *Id.* Echoing the Government's filing, the United States Probation Office recommends the Court deny Defendant's request. Doc. #167. Defendant did not file a reply to the Government's opposition, and the time for doing so has passed. L.R. 7.0(c)(3).

## II. DISCUSSION

In December 2018, the First Step Act of 2018 was signed into law. Pub. L. No. 115-391, 132 Stat. 5194. Among other things, the First Step Act of 2018 allows, for the first time, defendants to petition district courts directly for early release from prison based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c). However, before a district court can consider such a request, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." 18 U.S.C. § 3582(c)(1)(A).

To exhaust administrative rights, a defendant must submit a "request for a motion" for a reduction in sentence based on extraordinary and compelling reasons to the warden. 28 C.F.R. § 571.61(a). "An inmate may initiate a request for consideration…only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." *Id.* "Ordinarily, the request shall be in writing," include the "extraordinary or compelling circumstances" that the defendant "believes warrant consideration," and contain proposed release plans. § 571.61(a)(1)-(2).

Pursuant to BOP's procedures, a request for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1) is "considered 'submitted'…when received by the Warden…." Fed. Bureau of Prisons, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, Program Statement No. 5050.50 (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. The warden at each BOP facility "must identify a staff member" to coordinate, receive, and document all reduction in sentence ("RIS") requests. *Id.*

Defendant claims he sent RIS requests to Warden Jennifer Saad at FCI Gilmore in West Virginia and Warden Bob Keith at FCI Big Spring in Texas. Defendant purports to attach the first page of each RIS request to his motion. Doc. #162, at 8; Doc. #162-1, at 2-3. The pages provided to the Court, however, are not dated. Also, there is no indication on the documents indicating they were submitted, and if so, whether Defendant or someone else submitted the requests. *Id*. Unfortunately, Defendant's motion does not shed light on when the RIS requests were submitted – only that they were made more than thirty days ago. Doc. #162, at 8. Moreover, the pages provided to the Court do not include the "extraordinary or compelling circumstances" that Defendant "believes warrant consideration" or his proposed release plans, as required by 28 C.F.R. § 571.61(a)(1)-(2).

Along with the first pages of each RIS request, Defendant included a two-page document entitled "Cop-Out Continuation Pages" that was addressed to "Director Hurwitz" only. Doc. #162-1, at 4-5. The document is not addressed to either warden at FCI Gilmore or FCI Big Spring. *Id*. Additionally, it is undated and unsigned, even though there is a signature line for Defendant. *Id.* Defendant does not explain why the document was included with his motion. If this document accompanied the first page of his RIS requests and provided to the wardens at FCI Gilmore or FCI Big Spring, Defendant does not provide that information to the Court.

The Government provides declarations from the RIS coordinators at FCI Gilmore and FCI Big Spring. Doc. #166-2; Doc. #166-3. Both RIS coordinators declare they have no personal knowledge of Defendant making an RIS request. *Id.* Additionally, each RIS coordinator states he reviewed his respective facility's electronic database, computer file, and computer server and did not locate an RIS request by Defendant. *Id.*

If a defendant fails to show he exhausted his administrative remedies with respect to his motion pursuant to 18 U.S.C. §3582(c)(1)(A) and "there is no evidence before the Court that [the defendant] made a request to reduce his sentence to the appropriate warden, the motion is denied without prejudice." *United States v. Clausen*, No. CR 16-256, 2020 WL 1442852, at *1 (D. Minn. Mar. 24, 2020) (citation omitted); *see also United States v. Wilson*, No. 5:08-CR-50051, 2019 WL 7372975, at *2 (D. S.D. Dec. 31, 2019) (denying the defendant's motion to reduce sentence because he failed

3

to exhaust his administrative remedies); *United States v. Roy*, No. CR 15-303, 2019 WL 6910069, at *1 (D. Minn. Dec. 19, 2019) (stating a defendant must exhaust his administrative remedies before the court could consider a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)); *United States v. Gutierrez*, No. 01-CR-0331, 2019 WL 8219448, at *3 (D. Minn. Nov. 6, 2019) (denying the defendant's First Step Act motion due to failure to exhaust administrative remedies). The record before the Court does not show Defendant exhausted his administrative remedies. Accordingly, the Court cannot consider his request for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

### III.     CONCLUSION

For all the foregoing reasons, the Court denies Defendant's Motion for Reduction in Sentence without prejudice.

IT IS SO ORDERED.

DATE: April 3, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT