UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01-00253-01-CR-W-ODS |
| ) | |
| ROBERT R. COURTNEY, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

Robert R. Courtney ("Courtney"), by and through the undersigned counsel, respectfully submits these Supplemental Suggestions in Support of Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Courtney offers the following:

**I. PROCEDURAL BACKGROUND**

On December 5, 2002, Courtney was sentenced to a term of 360 months imprisonment for 8 counts of tampering with consumer products, in violation of 18 U.S.C. §§ 1365(a) and 1365(a)(3); 6 counts of adulteration of drugs, in violation of 21 U.S.C. §§ 331(k) and 333(a)(2); and 6 counts of misbranding drugs, in violation of 21 U.S.C. §§ 331(k) and 333(a)(2). (Docket Entry "DE" 132-135. Courtney's sentence was affirmed by the Eighth Circuit Court of Appeals. *United States v. Courtney*, 362 F.3d 497, 498-99 (8th Cir.

2004), *cert. granted, judgment vacated*, 543 U.S. 1098 (2005), *opinion reinstated*, 412 F.3d 855 (8th Cir. 2005).

On December 12, 2019, Courtney submitted a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE 162). In response to the motion, the Government filed a motion to dismiss for failure to exhaust administrative remedies. (DE 166). The Court entered an Order and Opinion on April 3, 2020, denying Courtney's motion without prejudice to refiling. (DE 169).

Courtney subsequently filed a motion for reconsideration of the denial of his § 3582(c)(1)(A) motion. (DE 170). The Government filed its Response in Opposition on April 29, 2020. (DE 171). On May 20, 2020, the Court denied Courtney's motion for reconsideration, again noting that the denial was without prejudice to refiling once Courtney exhausts his administrative remedies. (DE 172). On May 26, 2020, the Court received Courtney's *pro se* Motion for Extension of Time to Rebut Plaintiff's Opposition," unaware that the Court had already entered an Order denying the motion for reconsideration. (DE 174). In his latest *pro se* motion, Courtney stated that he had submitted a new request for compassionate release to the Warden of FCI Englewood on March 27, 2020. (DE 174 at 5). On April 29, 2020, Courtney received a response to his request, directing him to "file directly to the court." (DE 174 at 8). Further, Courtney requested an extension of time to

allow counsel to enter an appearance and supplement his motion. (DE 174 at 7).

On May 29, 2020, the Court entered an Order construing Courtney's filing entitled "Response to Plaintiff's Opposition to Defendant's Motion for Reconsideration to Request Extention [sic] of Time to Rebut Plaintiff's Opposition" as a renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). (DE 175). The Court further ordered Courtney's counsel to enter an appearance and submit supplemental suggestions in support of Courtney's filing no later than July 10, 2020. *Id.* On July 8, 2020, the undersigned submitted a motion to allow counsel to appear *pro hac vice* in this case. (DE 176).

These Supplemental Suggestions in Support of Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)

## II. APPLICABLE LAW

In December 2018, Congress enacted the First Step Act ("FSA") which modified Section 3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has*

> *fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it find that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

If the Court finds the exhaustion requirements met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id*.

A.  *Exhaustion Requirement*

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, two Courts of Appeals have recently weighed in on the subject. In *United States v. Raia*, the Third Circuit concluded that failure to comply with the statute's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

More recently, the Sixth Circuit found that a prisoner's failure to exhaust his administrative remedies did not deprive the court of subject-matter jurisdiction; however, the court concluded that the exhaustion requirement "looks like a claim-processing rule, and in operation it acts like one." *United States v. Alam*, __F.3d__, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020). In so holding, the court noted:

> Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition. If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only be moving for it on his own behalf. To do that, he must "fully exhaust [] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison. 18 U.S.C. § 3582(c)(1)(A).

*Id.*

B.  *Extraordinary and Compelling Circumstances*

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling

reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Bucci*, No. CR 04-10194-WGY, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13, which its commentary states:

> 1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant. –
>>
>>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—
>>>
>>>> (I) suffering from a serious physical or medical condition,
>>>>
>>>> (II) suffering from a serious functional or cognitive impairment, or
>>>>
>>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

> (B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (c) Family Circumstances. –
>
> > (i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Since the enactment of the First Step Act, district courts across the country have found and given various meanings to the term "extraordinary and compelling." *See*, *e.g.*, *United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399 (S.D.N.Y. Jan. 8, 2020) ("The rapid decline [in health] coupled with Ebbers's age present 'extraordinary and compelling reasons'"); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (concluding that the stacking provision of 18 § 924(c) constitutes extraordinary and compelling reason for reduction in sentence after the First Step Act); and *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019) ("Ms. Beck's invasive cancer and the abysmal

health care BoP has provided qualify as 'extraordinary and compelling reasons' warranting a reduction in her sentence to time served.").

C.  *Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors*

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

> (1) (A) extraordinary and compelling reasons warrant the reduction;
>    …
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

### III. A REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) IS WARRANTED

A. *Courtney Has Met the Exhaustion Requirements of § 3582(c)(1)(A)*

On March 27, 2020, Courtney submitted his request for Compassionate Release/Reduction in Sentence pursuant to Bureau of Prisons ("BOP") Program Statement 5050.50, to the Warden of FCI Englewood.[1] Warden Greilick denied Courtney's request on June 4, 2020.[2] Because more than 30 days have elapsed since Courtney made his initial request to the Warden, Courtney has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *See Alam*, __F.3d__, 2020 WL 284569, at *4 ("If [requesting compassionate release] doesn't work, prisoners can pursue administrative review. If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court.").

B. *Extraordinary and Compelling Circumstances Justify a Reduction in Sentence*

As discussed above, district courts across the country have given various meanings to the term "extraordinary and compelling" circumstances. Under the commentary to U.S.S.G. § 1B1.13, extraordinary and compelling reasons may include: (A) medical conditions of the defendant; (B) age of the

---

[1] *See* Exhibit A.

[2] *See* Exhibit B.

defendant; (C) family circumstances; or (D) other reasons. U.S.S.G. § 1B1.13, cmt. n. 1. "Other reasons" is further defined by the Guidelines as follows:

> (D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*Id*. As several courts have noted:

> § 1B1.13, as currently written, would not constrain this Court's ability to find extraordinary and compelling reasons here. As the Sentencing Commission's policy statement was not amended after enactment of the FSA "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release" … "because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 2020 WL 102024, at *3 (S.D. Cal. Mar. 3, 2020); (citing *Brown*, 411 F. Supp. 3d at 477, 499 (canvassing district court decisions)); *see also United States v. Redd*, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020) ("[T]here does not currently exist, for the purpose of satisfying the ["FSA's"] 'consistency' requirement, an 'applicable policy statement.'")
>
> This Court is persuaded by the reasoning of numerous other district courts and holds that it is 'not constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020); *See also United States v. Perez*, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020) ("[A] majority of federal courts have found that the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it.")

*United States v. Etzel*, No. 6:17-CR-00001-AA, 2020 WL 2096423, at *3 (D. Or. May 1, 2020). Accordingly, this Court may find "extraordinary and compelling" reasons under U.S.S.G. § 1B1.13, cmt. n. 1(D).

The extraordinary and compelling circumstances presented in the instant case are two-fold. First, Courtney submits that he qualifies for compassionate release based on his age and health concerns. Second, Courtney's age and health conditions create a significant risk of serious illness or death due to the COVID-19 pandemic.

Courtney is currently 67 years old and suffers from chronic and serious medical conditions that affect his daily life. Since being sentenced, Courtney has suffered from hypertension, a stroke, three heart attacks, cancer, and two years of internal bleeding which required blood transfusions. (Exh. A at 2).[3] On June 25, 2020, the Center for Disease Control ("CDC") made revisions to its list of underlying medication conditions that can cause an increased risk of severe illness or death from COVID-19.

The CDC reports that elder individuals, or people of any age with the following underlying medical conditions, may be at heightened risk: chronic kidney disease; COPD; immunocompromised state; obesity; serious heart conditions; sickle cell disease; Type 2 diabetes mellitus; asthma (moderate to severe); cystic fibrosis; hypertension or high blood pressure; neurological conditions; liver disease; pregnancy; pulmonary fibrosis (having damaged or scarred lung tissues); smoking, thalassemia; and Type 1 diabetes mellitus.[4]

---

[3] *See* Exhibit C.

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcorona

According to the CDC Guidelines, Courtney's age and underlying medical conditions put him at serious risk of severe illness or death if he contract the COVID-19 disease. And although the BOP has implemented plans and precautions in an attempt to mitigate the spread of the virus, the simple fact is that COVID-19 has torn throughout the BOP and continues to do so. Currently, the BOP reports a total of 2,163 federal inmates and 190 BOP staff who have confirmed positive test results for COVID-19 nationwide. While 5,147 inmates and 603 staff have recovered, there have tragically been 94 federal inmate deaths and 1 BOP staff member death attributed to COVID-19.[5] FCI Englewood, where Courtney is presently incarcerated, currently reports at least two inmates who have confirmed positive test results for COVID-19. And as at least one district court has noted, these figures are "a function of testing and most prisons and jails are only testing inmates with symptoms." *United States v. Diep Thi Vo*, No. 15-CR-00310-BLF-2, 2020 WL 2300101, at *2 (N.D. Cal. May 7, 2020).

Given COVID-19's recent surge in the federal prison system, several district courts have granted inmates' compassionate release requests. *See United States v. Foster*, No. 1:14-cr-324-02 (M.D. Pa. Apr. 3, 2020) ("The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call

---

virus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html

[5] https://www.bop.gov/coronavirus/

this environment 'extraordinary and compelling,' and we all believe that, should we not reduce Defendant's sentence, Defendant has a high likelihood of contracting COVID-19 from which he would "not expected to recover." USSG SS 1B1.13. No rationale is more compelling or extraordinary."); *United States v. Colvin*, No. 3:19-cr-179 (JBA), 2020 WL 1613943 (D. Conn. Apr. 2, 2020) ("She has diabetes, a 'serious … medical condition,' which substantially increases her risk of severe illness if she contracts COVID-19…. Defendant is 'unable to provide self-care within the environment of FDC Philadelphia in light of the ongoing and growing COVID-19 pandemic because she is unable to practice effective social distancing and hygiene to minimize her risk of exposure, and if she did develop complications, she would be unable to access her team of doctors at Bridgeport Hospital. In light of the expectation that the COVID-19 pandemic will continue to grow and spread over the next several weeks, the Court concludes that the risk faced by Defendant will be minimized by her immediate release to home, where she will quarantine herself."); *United States v. Brannan*, No. 4:15-cr-80-01 (S.D. Tx. Apr. 2, 2020) (emergency motion was granted same day of filing for prisoner who had served 9 months of a 36-month sentence for fraud at FCI Oakdale and had not exhausted BOP remedies); *United States v. Resnik*, No. 1:12-cr-00152-CM (S.D.N.Y. 2020) ("Releasing a prisoner who is for all practical purposes deserving of compassionate release during normal times is all but mandated in the age of COVID-19"); *United States v. Williams*, No. 3:04-cr-95-MCR

(N.D. Fla. Apr. 1, 2020) ("Williams' cardiovascular and renal conditions compromise his immune system, which, taken with his advanced age, put him at significant risk for even more severe and life threatening illness should he be exposed to COVID-19 while incarcerated….Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); and *United States v. Jepsen*, No. 3:19-cr-00073 (VLB), 2020 WL 1640232 (D. Conn. Apr. 1, 2020) ("Mr. Jepsen is in the unique position of having less than eight weeks left to serve on his sentence, he is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19, and the Government consents to his release. The Court finds that the totality of the circumstances specific to Mr. Jepsen constitute 'extraordinary and compelling' reasons to grant compassionate release.").

Courtney's underlying medical conditions and age put him at significant risk of severe illness or death in an institution with confirmed COVID-19 cases. Moreover, the number of positive cases in within the BOP shows no sign of declining and has grown in the past week alone. The reality is that Courtney's life is in jeopardy every day he is imprisoned while the COVID-19 pandemic rips through the BOP. Such conditions constitute extraordinary and compelling circumstances warranting a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

C.  *A Reduction in Sentence is Warranted After Consideration of the 18 U.S.C. § 3553(a) Factors and Sentencing Guidelines' Policy*

Having established that Courtney has exhausted his administrative remedies, and that extraordinary and compelling circumstances exist, the Court must consider the factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines policy to determine whether a reduction is warranted. Based on the following, Courtney respectfully submits that these factors support a reduction in sentence to a term of time served.

Courtney recognizes the severity of his crimes, and throughout the term of his imprisonment Courtney has dedicated himself to proving his rehabilitation. Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct."[6] *Id.* Indeed, the Court continued, "Postsentencing

---

[6]  "In addition, evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of postsentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training…or other correctional treatment in the most effective manner.' §§ 3553(a)(2)(B)-(D); see *McMannus*, 496 F.3d, at 853 (Melloy, J., concurring)

rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at 1242.

Courtney was sentenced to sentenced to 30 years imprisonment nearly 19 years ago. With good time, Courtney's current projected release date is May 2, 2027. For nearly two decades Courtney has spent his time productively by taking numerous courses and programs offered by the Bureau of Prisons and completing nearly 200 programs. In addition to his laudable programming, Courtney had helped to create a re-entry program while at FCI Gilmer. [7]

Lastly, Courtney is not a danger to the safety of others. U.S.S.G. § 1B1.13(2). As discussed herein, Courtney has dedicated himself to self-betterment and his rehabilitation. Courtney has the love and support of his family and friends[8], and has a verifiable release plan to ensure his successful reintegration into society as a productive member of the community. (Ex. A at 15).

Taking into account the current COVID-19 crisis, Courtney's age and underlying medical conditions and the serious risk his continued

---

("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's postincarceration conduct"). *Pepper*, 131 S.Ct. at 1242.

[7]    *See* Exhibit D.

[8]    *See* Exhibit E.

imprisonment imposes, and Courtney's significant post-sentencing rehabilitation efforts, Courtney respectfully submits that a reduction under 18 U.S.C. § 3582(c)(1)(A) to a sentence of time served is "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a).

## IV. CONCLUSION

Based on the foregoing, Courtney respectfully prays that the Court grant his motion under 18 U.S.C. § 3582(c)(1)(A) and reduce his sentence to a term of time served.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Courtney*

/s/ Kurt Benecke
Kurt Benecke
Law Office of Kurt Benecke
333 W. 5th Street
Joplin, MO 64801
Tel: 417-540-3451
Fax: 417-623-6635
Email: kcbenecke@gmail.com

*Local Counsel for Courtney*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 9th day of July 2020.

/s/ Jeremy Gordon