UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-00253-01-CR-W-ODS |
| | ) | |
| ROBERT R. COURTNEY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR REDUCTION IN SENTENCE**

Robert R. Courtney ("Courtney"), by and through the undersigned counsel, respectfully submits this Reply to the Government's Response in Opposition to Courtney's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Courtney offers the following:

As a threshold matter, the Government quickly points out that the Bureau of Prisons ("BOP") was set to release Courtney to home confinement under the CARES Act; however, Courtney's release was canceled as the proposed home release plan was no longer an available option. (Docket Entry 179 at 2). What the Government neglects to state is the reason why Courtney's early release to home confinement was canceled–the numerous threats Courtney's family received when news of his release under the CARES Act was inexplicably made public. It was only after Courtney's family feared for their and Courtney's safety that Courtney's release under the CARES Act was delayed.

Nonetheless, the fact that Courtney was set to be released to home confinement by the BOP speaks volumes to the merits of the instant motion. Under the CARES Act, inmates must meet specific qualifications set by the Attorney General including[1]:

> 1. The age and vulnerability of the inmate to COVID-19, in accordance with the Centers for Disease Control and Prevention (CDC) guidelines;
>
> 2. The security level of the facility currently holding the inmate, with priority given to inmates residing in low and minimum security facilities;
>
> 3. The inmate's conduct in prison, with inmates who have engaged in violation or gang-related activity in prison or who have incurred a BOP violation within the last year not receiving priority treatment under this Memorandum;
>
> 4. The inmate's score under PATTERN, with inmates who have anything above a minimum score not receiving priority treatment under this Memorandum;
>
> 5. Whether the inmate has a demonstrated and verifiable re-entry plan that will prevent recidivism and maximize public safety, including verification that the conditions under which the inmate would be confined upon release would present a lower risk of contracting COVID-19 than the inmate would face in his or her BOP facility;
>
> 6. The inmate's crime of conviction, and assessment of the danger posed by the inmate to the community. Some offenses, such as sex offenses, will render the inmate ineligible for home detention. Other serious offenses should weigh more heavily against consideration for home detention.

Each of these factors weighs heavily on the factors enumerated under 18 U.S.C. § 3553(a) and in support of granting Courtney § 3582(c)(1)(A) relief. Furthermore, an order granting Courtney compassionate release could

---

[1] https://www.bop.gov/coronavirus/faq.jsp

reasonably be stayed until Courtney has a suitable release plan through the BOP, which Courtney has since resubmitted.

In addition, the Government speaks of the steps the BOP has taken to mitigate the spread of the highly infection COVID-19 disease. While the BOP has undoubtedly implemented certain measures, the numbers reported daily by the BOP show a significant increase in the number of COVID-19 cases over the last month. When Courtney submitted his Supplemental Suggestions in Support, the BOP reported a total of 2,163 federal inmates and 190 staff members who had tested positive for COVID-19. (DE 178 at 12). As of July 28, 2020, those numbers have skyrocketed to 4,021 federal inmates and 424 BOP staff members who have positive results for COVID-19.[2] In less than a month, the number of positive cases in the BOP has doubled. Moreover, the BOP now reports at least 101 federal inmate deaths attributed to COVID-19. *Id*.

Despite the BOP's efforts, COVID-19 is still running rampant throughout federal prisons. Because of this:

> The number of courts agreeing that the COVID-19 pandemic constitutes an extraordinary and compelling reason for release still grows by the day. *E.g., United States v. Johnson*, No. CR H-96-176, 2020 WL 3618682, at *3 (S.D. Tex. July 2, 2020); *United States v. Young*, No. 14-CR-30024-2, 2020 WL 3605025, at *2 (C.D. Ill. July 2, 2020); *United States v. Plank*, No. 17-20026-JWL, 2020 WL 3618858, at *3 (D. Kan. July 2, 2020); *United States v. Tillman*, No. 12-CR-2024-CJW-MAR, 2020 WL 3578374, at *5 (N.D. Iowa June 30, 2020); *United States v. Ollie*, No. CR 1:12-09, 2020 WL 3469754, at *3 (W.D. Pa. June 24, 2020); *United States v. Williams*, No. 06-CR-0143 (WMW/FLN),

---

[2] https://www.bop.gov/coronavirus/ (last accessed July 28, 2020).

2020 WL 3097615, at *2 (D. Minn. June 11, 2020); *United States v. Nazzal*, No. 10-20392, 2020 WL 3077948, at *4 (E.D. Mich. June 10, 2020); *United States v. Mason*, No. 317CR104CWRLRA3, 2020 WL 3065303, at *2 (S.D. Miss. June 9, 2020); *United States v. Conner*, No. CR07-4095-LTS, ––– F.Supp.3d –––, ––––, 2020 WL 3053368, at *7 (N.D. Iowa June 8, 2020); *United States v. Moore*, No. 3:16-CR-00171-JO, 2020 WL 2572529 (D. Ore. May 21, 2020); *United States v. Galloway*, No. RDB-10-0775, 2020 WL 2571172 (E.D. Mich. May 21, 2020); *United States v. Parker*, No. 2:98-cr-00749, ––– F.Supp.3d –––, 2020 WL 2572525 (C.D. Cal. May 21, 2020); *United States v. Schneider*, No. 14-CR-30036, 2020 WL 2556354, at *1 (C.D. Ill. May 20, 2020); *United States v. Hill*, No. 3:19-cr-00038 (JAM), 2020 WL 2542725 (D. Conn. May 19, 2020); *United States v. Bright*, No. 2:15CR00015-005, 2020 WL 2537508 (W.D. Va. May 19, 2020); *United States v. Bischoff*, No. 17-cr-196-JD, ––– F.Supp.3d –––, 2020 WL 2561423 (D.N.H. May 18, 2020); *United States v. Cotinola*, No. 13-CR-03890-MV, 2020 WL 2526717, at *3 (D.N.M. May 18, 2020); *United States v. Rountree*, No. 1:12-CR-0308 (LEK), ––– F.Supp.3d –––, 2020 WL 2610923 (N.D.N.Y. May 18, 2020); *United States v. Bess*, No. 16-CR-156, ––– F.Supp.3d –––, ––––, 2020 WL 1940809, at *9 (W.D.N.Y. Apr. 22, 2020); *United States v. Smith*, No. 12 CR. 133 (JFK), ––– F.Supp.3d –––, ––––, 2020 WL 1849748, at *4 (S.D.N.Y. Apr. 13, 2020); *United States v. Hernandez*, No. 18 CR. 834-04 (PAE), ––– F.Supp.3d –––, ––––, 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020); *Rodriguez*, ––– F.Supp.3d at –––, 2020 WL 1627331, at *1; *United States v. Jepsen*, No. 3:19-CV-00073(VLB), ––– F.Supp.3d –––, ––––, 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), ––– F.Supp.3d –––, ––––, 2020 WL 1489829, at *1 (S.D.N.Y. Mar. 27, 2020).

*United States v. Ledezma-Rodriguez*, No. 3:00-CR-00071, 2020 WL 3971517, at *6 (S.D. Iowa July 14, 2020).

Courtney has demonstrated that 1) he has exhausted his remedies as required by statute; 2) extraordinary and compelling circumstances warrant a reduction; and 3) the § 3553(a) factors and U.S. Sentencing Guidelines support a reduction in sentence. Based on the foregoing, Courtney respectfully prays that the Court enters an Order granting Courtney's motion

4

and reducing his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice for Courtney*

/s/ Kurt Benecke
Kurt Benecke
Law Office of Kurt Benecke
333 W. 5th Street
Joplin, MO 64801
Tel: 417-540-3451
Fax: 417-623-6635
Email: kcbenecke@gmail.com

*Local Counsel for Courtney*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 29th day of July 2020.

/s/ Jeremy Gordon